IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**ROBERT CHEESEMAN,**

      Plaintiff *(pro se),*

    v.

**TERESA BENNETT**, et al,

      Defendants.



Civ. No. 6:14-cv-865-MC


**ORDER of DISMISSAL**

MCSHANE, Judge:

      For the reasons stated below, Defendants' Motion to Dismiss [#14] is **GRANTED** and

the case is **DISMISSED** from Federal Court with prejudice.

## BACKGROUND

On May 28, 2014, Plaintiff Robert Cheeseman filed a *pro se* Complaint [#2] and later filed an Amended Complaint [#5] on June 3, 2014, against Defendants Teresa Bennett (Coos County Circuit Court Administrator), Judge Richard Barron (Coos County Circuit Court Judge), and the Coos County Circuit Court. The court granted the Plaintiff's Application for Leave to Proceed IFP [#1], by Order on June 6, 2014 [#6].

On July 10, 2014, Defendants filed a Motion to Dismiss for Failure to State a Claim and Lack of Subject Matter Jurisdiction under Fed. R. Civ. P. 12(b)(1) and Fed. R. Civ. P. 12(b)(6). [#14]. On July 22, 2014, Plaintiff filed a Response in opposition. [#15]. Defendants filed a Reply on August 16, 2014. [#16]. An Advice notice regarding the Motion to Dismiss was sent to the plaintiff on September 10, 2014. [#18]. Plaintiff then filed a Motion for Summary Judgment on August 25, 2014. [#17]. Defendants filed a Response on September 18, 2014. [#20]. These matters are now before this court. All requests for oral argument are denied as unnecessary.

## STANDARD OF REVIEW

Under 28 U.S.C. § 1915(e)(2)(B)(ii), this court has the authority to dismiss an action at any time, if it determines the action fails to state a claim on which relief may be granted. In civil rights cases involving a plaintiff proceeding *pro se*, the court construes the pleadings liberally and affords the plaintiff the benefit of any doubt. *McGuckin v. Cline,* 974 F.2d 1050, 1055 (9th Cir. 1992); *Karim-Panahi v. Los Angeles Police Dept.,* 839 F.2d 621, 623 (9th Cir. 1988). "In federal court, dismissal for failure to state a claim is proper 'only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'" *Cervantes v. City of San Diego,* 5 F.3d 1273, 1274 (9th Cir. 1993) (quoting *Herhon v. King &*

*Spalding,* 467 U.S. 69, 73 (1984)); *Tanner v. Heise,* 879 F.2d 572, 576 (9th Cir. 1989). The court may not supply essential elements that are not pleaded. *Ivey v. Board of Regents,* 673 F.2d 266 (9th Cir. 1982). A *pro se* litigant will be given leave to amend her or her complaint unless it is absolutely clear that the deficiencies of the complaint cannot be cured by amendment. *Karim-Panahi,* 839 F.2d at 623; *Noll v. Carlson*, 809 F.2d 1446, 1447 (9th Cir. 1987).

In order to state a claim against a named defendant, a plaintiff must allege specific facts about that defendant and identify how that defendant's conduct violated her rights. General allegations are insufficient. The absence of any factual allegations against a named defendant will entitle that defendant to have the complaint dismissed as to him, pursuant to Fed. R. Civ. P. 12(b). *Polk v. Montgomery County,* 548 F. Supp. 613, 614 (D.Md. 1982). See also, *Morabito v. Blum,* 528 F.Supp. 252, 262 (S.D. N.Y. 1981).

This Court may also dismiss a claim *sua sponte* under FRCP 12(b)(6) for failure to state a claim upon which relief can be granted. *Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987) (citations omitted). Likewise, if a plaintiff proceeds *in forma pauperis*, this Court is required to dismiss "the case at any time if the court determines that" the action or appeal fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B).

This Court has original jurisdiction in two situations: (1) if a federal question is presented, i.e., if a "civil action arise[s] under the Constitution, laws, or treaties of the United States, 28 U.S.C. § 1331, and (2) if diversity jurisdiction exists, i.e., if the amount-in-controversy "exceeds the sum or value of $75,000, exclusive of interest and costs," 28 U.S.C. § 1332(a), and there is "complete diversity between the parties," *In re Digimarc Corp. Derivative Litig.*, 549 F.3d 1223, 1234 (9th Cir. 2008) (citation omitted).

## DISCUSSION

Plaintiff describes his cause of action as, "an action for money damages brought pursuant to Article VI, United States Constitution, 42 U.S.C. 1983, Amendment VII, and under the statutes of the State of Oregon. The Rules of Civil Procedure, Rule 1 B, C; Rule 3; Rule 9E, Rule 12A, B and [the] Oregon Constitution Article 1, Section 1, Article 1, Section 10, Article 1, Section 17. [#5 at page 2]. Plaintiff claims the defendants, "Abuse[d] their judicial office, obstructed justice, denied plaintiff equal access to justice, misrepresented the law, committed extrinsic fraud, denied plaintiff's right to equal justice, denied plaintiff his right to due process and procedural due process, and refused to do required duties." [#5 at page 2]. The allegations stem from the Plaintiff's unsuccessful attempt to file a lawsuit in Coos County Circuit Court in March, 2014. [#5 at pp. 3-4].

The Defendants argue that the Plaintiff's complaint should be dismissed for lack of subject matter jurisdiction and for failure to state a claim based on the doctrines of Eleventh Amendment sovereign immunity, judicial immunity, and quasi-judicial immunity. [#14 at p. 2]. This Court agrees.

After reviewing the Plaintiff's various documents and pleadings, it has become apparent that this Court simply lacks subject matter jurisdiction to consider the claims in the complaint because the Plaintiff's claims against the judicial officers acting within the scope of their authority are indeed barred by the Eleventh Amendment based on sovereign immunity (as to the Coos County Circuit Court), judicial immunity (as to Judge Barron), and quasi-judicial immunity (as to Teresa Bennett).

The Eleventh Amendment bars Plaintiff's claims against the defendants because it provides that the judicial power of the United States "shall not be construed to extend to any suit in law or equity commenced or prosecuted" against a state. The U.S. Supreme Court has held that this language bars citizens from suing states or state agencies in federal court unless the state has expressly waived its immunity from suit or that immunity has otherwise been abrogated by Congress. *Pennhurst State Sch. and Hosp. v. Halderman*, 465 U.S. 89, 99 (1984); Edelman v. Jordan, 415 U.S. 651, 663 (1974); *Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 238 (1985). A state only waives its immunity when it expressly consents to being sued in a particular action. *Edelman,* 415 U.S. at 673.

Oregon has not waived its immunity from suit in federal court for the claims Plaintiff alleges in his complaint. Nothing in the Oregon Rules of Civil Procedure, the Oregon Constitution, or common law expresses a waiver to permit such claims in federal court for enforcement against the State or its agents. Thus, this Court lacks subject matter jurisdiction.

As far as the court can decipher, neither the original Complaint [#2], nor First Amended Complaint [#5] has alleged sufficient facts to satisfy the requirements of identifying any cognizable or viable federal claims against any of the named Defendants. Nor can this court conceive of any potential federal civil rights claims, even when interpreting them as liberally as possible. The deficiencies in the pleadings cannot be cured by amendment in any reasonably conceivable way.

Therefore, the plaintiff's complaint is dismissed pursuant to Fed. R. Civ. P 12(b)(1) and Fed. R. Civ. P. 12(b)(6), for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted. Because the deficiencies cannot be cured by amendment in any reasonably conceivable way, dismissal of this action *with* prejudice is appropriate.

## CONCLUSION

Accordingly, plaintiff's complaint is DISMISSED with prejudice pursuant to Fed. R. Civ. P 12(b)(1) and Fed. R. Civ. P. 12(b)(6), because (1) this Court lacks subject matter jurisdiction over the complaint, and (2) plaintiff's allegations are insufficient to state a claim for relief. All other pending Motions [#17] are dismissed as moot.

IT IS SO ORDERED.


DATED the 21st day of November, 2014.



Michael J. McShane
United States District Judge